U.S. Bankruptcy Court
District of Idaho
Filed: November 16, 2004
at 2:00 PM
By: JC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CHRISTMAN, MARIEANN | ) | Case No. 04-03418 |
| | ) | |
| Debtor. | ) | MEMORANDUM OF DECISION |
| | ) | |

Marieann Christman ("Debtor") filed her petition for chapter 7 relief on September 21, 2004. On October 8, 2004, Debtor filed six motions under § 522(f)(1)(A) to void judicial liens allegedly impairing her homestead exemption. *See* Doc. Nos. 4-9. Four of those motions have already been granted by the Court and orders entered. Two of the motions, Doc. No. 4 ("Dunson Motion") and Doc. No. 9 ("Citibank Motion"), have not. Those motions were served only on the state court lawyers who represented the creditors in obtaining the judgments that formed the basis for the judicial liens, neither of whom appeared in the bankruptcy case.[1]

---

[1] While the Dunson Motion was served only on a Boise, Idaho attorney, the judgment attached to this motion indicates that Dunson was representing himself in the pre-bankruptcy litigation. Assuming this lawyer represented Dunson, the service was inadequate for the reasons set out below. If he was not Dunson's lawyer, the error is even more glaring.

MEMORANDUM OF DECISION - 1

⑱AO 72A
(Rev. 8/82)

This Court held in *In re Lancaster*, 03.1 I.B.C.R. 31, 2003 WL 109205 (Bankr. D. Idaho 2003), that the service requirements of Fed. R. Bankr. P. 7004 applied to contested matters including, but not limited to, motions to avoid judicial liens under § 522(f). *Id.* at 31 (citing Fed. R. Bankr. P. 4003(d), 9014). *Lancaster* cautioned that serving a § 522(f)(1)(A) motion only on the state court lawyer for the judgment creditor would not meet Rule 7004 service requirements *unless* that lawyer made an appearance in the bankruptcy case sufficient to support the conclusion that he or she was authorized to accept service on behalf of the creditor.[2] *Id.* at 32 (citing *In re Rae*, 286 B.R. 675 (Bankr. N.D. Ind. 2002) and *Citicorp Mortgage, Inc. v. Brooks (In re Ex-Cel Concrete Co.)*, 178 B.R. 198, 203-04 (9th Cir. BAP 1995)).

The BAP recently came to the same conclusion in *Beneficial California Inc. v. Villar (In re Villar)*, ___ B.R. ___ (9th Cir. BAP October 20, 2004) *available at* http://www.ce9.uscourts.gov/Web/bap.nsf (as of Nov. 16, 2004). *Villar* dealt with the avoidance of a judicial lien under § 522(f)(1)(A), and whether the debtor established that service was properly effected.[3]

---

[2] The decision in *Lancaster*, and this one, address the sufficiency of service on the lawyer alone. There certainly would not be any prohibition on serving the § 522(f) motion on the creditor, consistent with Rule 7004 requirements, *and* sending a copy of the pleadings to the state court lawyer for such creditor, even if only as a matter of professional courtesy.

[3] The Panel held that the service requirements of Fed. R. Bankr. P. 7004(b)(3) applied to the corporate creditor because Fed. R. Bankr. P. 4003(d) invokes Fed. R. Bankr. P. 9014, and Rule 9014(b) requires service consistent with Rule 7004. *Id.* at n.6; *accord*
(continued...)

MEMORANDUM OF DECISION - 2

The debtor there served the motion on the corporate creditor by mail, directed simply to the creditor's post office box. The BAP held that "The service to [the creditor's] post office box does not comply with the requirement to serve the Motion to the attention of an officer or other agent authorized as provided in Rule 7004(b)(3)." The BAP emphasized that "strict" and "literal" compliance with the Rule was a small burden when due process considerations and the special privilege of first class mail service were considered. *Accord Lancaster*, 03.1 I.B.C.R. at 32.

The BAP did not decide whether addressing the service to the attention of an officer or managing or general agent, without specifically naming that officer or agent, was adequate. It instead held:

> In the matter on appeal, Debtor's service on [the creditor] does not specify a person or even an office. The service was insufficient under the plain words of Rule 7004(b)(3). In order to assure that the party being served is apprised of the pendency of an action, valid service requires more than to address the document to a post office box.

*Id.* at 8. *Accord In re Egan*, 02.4 I.B.C.R. 177, 178 (Bankr. D. Idaho 2002) (service found inadequate where "not directed to any particular individual, and . . . certainly not addressed to any officer, manager or agent.").

The debtor in *Villar* also mailed the motion to the lawyer representing the creditor in the state court action giving rise to the judgment. The BAP concluded that the debtor had failed to show this lawyer "was either explicitly or implicitly

---

[3](...continued)
*Lancaster*, 03.1 I.B.C.R. at 31. *Villar* also observed that "[t]he litigant attempting to effect service is responsible for proper service and bears the burden of proof."

MEMORANDUM OF DECISION - 3

appointed by [the creditor] to receive service of process on its behalf." The Panel stated:

> Debtor no doubt served [counsel] with the motion because [counsel] represented [the creditor] in the state court action which gave rise to the judicial lien. That is not enough by itself to establish implicit authority for [counsel] to accept service of process in matters involving Debtor's bankruptcy. An implied agency to receive service is not established by representing a client in an earlier action. We cannot presume from [counsel's] handling the litigation that resulted in the judicial lien that he is also authorized to accept service for a motion to avoid the judicial lien.

(citations omitted). *Villar* thus requires that the two instant Motions, served only on such counsel, be denied.

The Ninth Circuit Court of Appeals in *Rubin v Pringle (In re Focus Media, Inc.)*, No. 03-55858, 2004 WL 2435496 (9th Cir. Nov. 2, 2004), also recently reached the same basic conclusion. The issue there was service of process in an adversary proceeding on an attorney who had represented the defendant in the underlying bankruptcy case. The court construed Fed. R. Bankr. P. 7004(b)(8)[4] and concluded that service would be proper "if (1) the agent [for service] is the attorney representing the party in the related bankruptcy proceeding, and (2) the totality of the surrounding circumstances demonstrates the intent of the client to convey such authority". *Id.* at *4. The court concluded that the authorization of the agent to

---

[4] The language in Rule 7004(b)(8) at issue in *Focus Media* (related to "an agent . . . authorized by appointment or by law to receive service") is identical to the language in Rule 7004(b)(3) at issue in *Egan, Lancaster, Villar,* and here.

MEMORANDUM OF DECISION - 4

accept service cannot be implied solely from the act of appearing as counsel but requires additional facts or circumstances. *See id.* at *4-*5.

There is no evidence in the present case of any implied authorization of Dunson's or Citibank's state court counsel to accept service generally or in connection with this bankruptcy case. The service on these creditors' previous state court attorneys, without additional proof of express or adequately implied authority that they were or could act as agents for purposes of service of process, is inadequate. Therefore, the Dunson Motion and the Citibank Motion must be denied.

A separate order will be entered.

Dated this 16th day of November, 2004.

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 5

AO 72A
(Rev. 8/82)

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served by the method indicated below, a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

DATED: November 16, 2004

Case No. 04-03418 (Marieann Christman)

Office of the U.S. Trustee
MK Central Plaza
720 Park Blvd., Suite 220
Boise, ID 83712
jeff.g.howe@usdoj.gov
gary.mcclendon@usdoj.gov
    ☐ U.S. Mail    ☐ Facsimile    ✓ Email

C. Grant King
King Law Offices
5440 Franklin Road, Suite 100
Boise, ID 83705
    ✓ U.S. Mail    ☐ Facsimile    ☐ Email

Dennis Cain
Beer & Cain
Attorneys At Law
302 W. Idaho St.
Boise ID 83702
dcain@beer-cainlaw.com
    ☐ U.S. Mail    ☐ Facsimile    ✓ Email

Citibank (Arizona)
c/o Frank E. Chalfant, JR
805 W. Idaho Ste 412
POB 798
Boise ID 83701
    ✓ U.S. Mail    ☐ Facsimile    ☐ Email

Richard E. Crawforth, Trustee
410 South Orchard Ste 172
Boise ID 83705
rcrawforth@cableone.net
    ☐ U.S. Mail    ☐ Facsimile    ✓ Email

Marieann Christman
3440 West Elm Creek Drive
Meridian ID 83642
    ✓ U.S. Mail    ☐ Facsimile    ☐ Email

*/s/ Jo Ann B. Canderan*
Jo Ann B. Canderan
Judicial Assistant to Judge Myers

Note to Email service: A PDF version of the above decision/order was electronically transmitted to the parties indicated above. Email service is provided as a courtesy only upon request of a party. To review an electronic image of the original of this document, or to subscribe for email service of future decisions/orders from the Bankruptcy Judge, please access the Court's Internet web site, www.id.uscourts.gov.

MEMORANDUM OF DECISION - 6